IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDNA SELAN EPSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>WORLD ACCEPTANCE CORPORATION, A. ALEXANDER MCLEAN, III, JOHN L. CALMES, JR., KELLY M. MALSON and MARK ROLAND,<br><br>                  Defendants. | CIVIL ACTION NO.<br>6:14-cv-01606-MGL |

## CONSENT CONFIDENTIALITY ORDER

WHEREAS, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 19th day of February, 2016, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below. Any person or entity who produces any documents, and any person or entity who generated any documents or created or provided any information that is contained in any documents, shall be referred to herein as a "Producing Party."

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior

to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. In the event a party or non-party inadvertently produces materials which should have been, but were not, marked CONFIDENTIAL, the party or non-party may designate such materials as CONFIDENTIAL by notifying counsel of the error, and producing the documents again, with the CONFIDENTIAL designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat those documents so marked as if they had been marked CONFIDENTIAL when first produced.

3.  **Documents Which May be Designated Confidential.** Any party or non-party may designate documents as confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

4.  **Depositions.** Portions of depositions or other pretrial testimony shall be deemed confidential only if (i) designated as such by counsel on the record when the deposition is taken or (ii) by written notice, sent by such counsel to all parties within thirty (30) days after receiving

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

a copy of the transcript thereof, or at the time errata sheets for such transcripts are provided to the court reporter, whichever occurs earlier; and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential documents. Such designation shall be specific as to the portions to be protected. All depositions shall be treated in their entirety as Confidential for a period of thirty (30) days after receipt of the transcript.

     5.   **Confidential Documents Produced by Non-Party**. In the case of documents produced by a non-party that were not designated as confidential by the non-party that produced them, any Party may designate the documents as containing Confidential information by (i) placing the appropriate legend on each page containing Confidential documents after receiving the production from the non-party or the Party who directly receives the production from the non-party; or (ii) identifying in an e-mail, by bates number, the documents to be treated as Confidential documents. The designating party shall comply with the certification requirement in paragraph 3.

     6.   **Protection of Confidential Material.**

     a.   **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶6.b) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

b. **Limited Third Party Disclosures of Confidential Documents.** The parties and counsel for the parties shall not disclose or describe, or permit the disclosure or description, in whole or in part, of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(8) below. Prior to disclosure, those listed in subparagraphs (2), (4), (5), and (7) must have executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order, including outside administrators that perform regular activities for that party, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3) witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in the Litigation;

(4) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

4

(5) consultants, investigators, or experts (hereinafter referred to collectively as "experts"), including their staff and others who are assisting experts in preparing for their deposition(s), retained by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(6) the author, addressee, or recipient of the documents;

(7) professional vendors to whom disclosure is reasonably necessary for the Action, including, but not limited to, outside copying vendors and outside litigation support vendors;

(8) mediators, settlement judges, and their respective staff;

(9) the Court and its employees and staff and supporting personnel, including, but not limited to, law clerks, jurors, and alternative jurors, pursuant to paragraph 7 of this Confidentiality Order; and

(10) other persons only upon order of the court or written stipulation of the Producing Party.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the

designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

e. **Effect Upon a Party's Own Documents.** This Confidentiality Order has no effect upon, and shall not apply to, the parties' use of their own Confidential documents for any purpose. Moreover, if such a disclosure is made or the CONFIDENTIAL document(s) be used in such a way that is beyond those articulated in this Order, the designating party shall have seven (7) days to notify the opposing party in writing and withdraw the CONFIDENTIAL designation from any such document(s).

7. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

8. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

9. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

   a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

   b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

   c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

      (1) the party who claims that the documents are confidential withdraws such designation in writing;

      (2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

      (3) the court rules that the documents should no longer be designated as confidential information.

d.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation.**

a.  **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.  **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  This work product continues to be Confidential under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

11. **Inadvertent Production of Privileged Materials.**  If information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or

estoppel as to, any claim of privilege or work product. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose, except in good faith to dispute the claim of privilege or work product. The party returning such material may then move the Court for an Order compelling production of the material, but the motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production.

12.     **Confidential Documents Subpoenaed or Ordered Produced in Other Litigation.**  Nothing in this Confidentiality Order shall preclude any party or Producing Party from complying with a subpoena or a request from a governmental agency requesting production of Confidential documents; provided, however, that counsel for the Producing Party shall be given notice of such a subpoena or request from a governmental agency within seven (7) business days of receipt thereof by the party receiving the subpoena or request and, if possible, at least seven (7) business days prior to production of any Confidential documents. If the Producing Party files a motion for protective order in this Court, or in any other court of competent jurisdiction, then the party that received the subpoena or request will await a court ruling on the motion before producing the subpoenaed or requested documents or information.

13.     **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

14. **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

15. **Unauthorized Disclosure of Confidential Documents.**  If Confidential documents are disclosed to any person other than in the manner authorized by this Confidentiality Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party, and without prejudice to the rights and remedies of the Producing Party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16. **No Waiver of Objections.**  Nothing in this Order shall prejudice the right of any party or non-party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such right.  Moreover, nothing in this Order shall prejudice the right of any party to object to the admissibility at trial of any litigation material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

17. **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

                                                  s/Mary Geiger Lewis
                                             MARY GEIGER LEWIS
                                             UNITED STATES DISTRICT JUDGE

February 19, 2016
Columbia, South Carolina

11

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDNA SELAN EPSTEIN, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WORLD ACCEPTANCE CORPORATION, A. ALEXANDER MCLEAN, III, JOHN L. CALMES, JR., KELLY M. MALSON and MARK ROLAND, )<br><br>Defendants. ) | CIVIL ACTION NO.<br>6:14-cv-01606-MGL |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑   I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑   I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:   [date attachment A signed]                     [Signature of Counsel [s/name]]
                                                                              Signature of Counsel

                                                                              [Printed Name of Counsel [A]]
                                                                              Printed Name of Counsel

12

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDNA SELAN EPSTEIN, Individually and on Behalf of All Others Similarly Situated,   )<br><br>Plaintiff,   )<br><br>vs.   )<br><br>WORLD ACCEPTANCE CORPORATION, A. ALEXANDER MCLEAN, III, JOHN L. CALMES, JR., KELLY M. MALSON and MARK ROLAND,   )<br><br>Defendants.   ) | CIVIL ACTION NO.<br>6:14-cv-01606-MGL |

      The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

        Name:        [undersigned name [att B]]

        Job Title:        [Job Title [att B]]

        Employer:        [Employer [att B]]

        Business Address:        [Business Address [att B]]


Date:  **[date attachment B signed]**                  [Signature [attachment B]]
                                                                         Signature

**ATTACHMENT C**

**CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDNA SELAN EPSTEIN, Individually and on Behalf of All Others Similarly Situated,  )<br><br>            Plaintiff,  )<br>                                        )<br>vs.                                       )<br>                                        )<br>WORLD ACCEPTANCE CORPORATION,  )<br>A. ALEXANDER MCLEAN, III, JOHN L.  )<br>CALMES, JR., KELLY M. MALSON and  )<br>MARK ROLAND,                   )<br>                                        )<br>            Defendants.  )  | CIVIL ACTION NO.<br>6:14-cv-01606-MGL |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of [name of assistant [att C]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑    A named party;

❑    An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date:  **[date attachment C signed]**                    [Signature [attachment C]]
                                                                Signature

14