# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| EDNA SELAN EPSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>WORLD ACCEPTANCE CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | ) Civil Action No. 6:14-cv-01606-MGL<br>)<br>) <u>CLASS ACTION</u><br>)<br>) **AMENDED ORDER PRELIMINARILY**<br>) **APPROVING SETTLEMENT AND**<br>) **PROVIDING FOR NOTICE**<br>)<br>)<br>)<br>)<br>)<br>) |

WHEREAS, a securities class action is pending in this Court entitled *Epstein v. World Acceptance Corporation, et al.*, No. 6:14-cv-01606-MGL (the "Litigation");

WHEREAS, on August 24, 2017, the parties to the Litigation, Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund, on behalf of itself and the other Members of the Settlement Class (defined below), and defendants World Acceptance Corporation ("World Acceptance"), A. Alexander McLean, III, John L. Calmes, Jr., Kelly M. Malson and Mark C. Roland (together, "Defendants," and, collectively with Lead Plaintiff, the "Settling Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in any of the complaints filed in this Litigation on the merits and with prejudice;

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Members of the Settlement Class as more fully described herein;

- 1 -

WHEREAS, the parties to the Stipulation having consented to the entry of this Order;

WHEREAS, the Court having read and considered (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the accompanying Exhibits attached thereto;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein have the same meanings as set forth in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this 28th day of August, 2017, that:

1. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Settlement Class Members (defined in ¶2 below), subject to further consideration at the Settlement Hearing described in ¶5 below.

2. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of settlement only, a Settlement Class consisting of all Persons who purchased or otherwise acquired World Acceptance common stock between January 30, 2013 and August 10, 2015, inclusive. Excluded from the Settlement Class are: World Acceptance; the affiliates and subsidiaries of World Acceptance; the Individual Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and directors of World Acceptance during the Class Period; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those Settlement Class Members who exclude themselves by submitting a timely and valid request for exclusion in accordance with the requirements set forth in the Notice (defined in ¶8 below).

---

[1] The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is an adequate class representative and certifies Lead Plaintiff as the class representative for the Settlement Class. The Court also appoints Lead Counsel as class counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the United States District Court for the District of South Carolina, Greenville, Division, 300 East Washington Street, Greenville, South Carolina 29601, on December 18, 2017, at 11:00 a.m. ET for the following purposes:

(a) to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable and adequate to Settlement Class Members, and should be approved by the Court;

(c) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Litigation on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

(d) to determine whether the release by the Released Persons of the Released Defendants' Claims, as set forth in the Stipulation, should be provided;

(e) to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(f) to consider Lead Counsel's application for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses; and

(g) to rule upon such other matters as the Court may deem appropriate.

Notice of the Settlement and the Settlement Hearing shall be given to the Members of the Settlement Class as set forth in ¶¶11 and 14 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the parties without further notice to the Settlement Class. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Litigation on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. Defendants shall no later than ten (10) calendar days following the filing of the Stipulation with the Court serve upon the appropriate State official of each State in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA

notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8. The Court approves the form, substance and requirements of: the Notice of Proposed Settlement of Class Action (the "Notice"); the Proof of Claim and Release form (the "Proof of Claim"); and the Summary Notice (the "Summary Notice"), annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶11 and 14 of this Order, (i) meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable laws and rules; (ii) is the best notice practicable under the circumstances; (iii) constitutes due and sufficient notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Lead Counsel's application for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; and (iv) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. The Court approves the appointment of Epiq Systems, Inc. as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below.

10. Within five (5) business days of the date of entry of this Order, World Acceptance shall provide or cause World Acceptance's transfer agent to provide to the Claims Administrator transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired World Acceptance common stock during the Class Period.

11. Within twenty-one (21) calendar days of the entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by First-Class Mail, postage prepaid, to all potential Settlement Class Members who can be identified with reasonable effort. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired World Acceptance common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at least fifteen (15) calendar days prior to the Settlement Hearing, file with the Court proof, by affidavit or declaration, of mailing of the Notice and Proof of Claim.

12. The Escrow Agent or its agents are authorized and directed to prepare any tax returns and any other tax reporting form required to be filed on behalf of or in respect of the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

13. Lead Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and application for attorneys' fees and expenses, including Lead Plaintiff's expenses, by no later than forty-five (45) calendar days prior to the Settlement Hearing. All reply papers in support of such motions shall be filed and served by no later than fifteen (15) calendar days of the Settlement Hearing.

14. The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire* within seven (7) calendar days of the Notice Date. Lead Counsel shall, at least fifteen (15) calendar days prior to the Settlement Hearing, file with the Court proof, by affidavit or declaration, of the publication of the Summary Notice.

15. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, online at www.WorldAcceptanceSecuritiesSettlement.com no later than December 26, 2017, or at the Post Office Box indicated in the Notice, postmarked no later than December 26, 2017. Such deadline may be further extended by Court order. Any Proof of Claim submitted in any other manner shall

be deemed to have been submitted when it was actually received at the address designated in the Notice. Lead Counsel may, at its discretion, direct the Claims Administrator to accept late claims if they will not materially delay distribution of the Net Settlement Fund, but will not incur any liability for declining to do so.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim to the satisfaction of the Claims Administrator; and (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) By submitting a Proof of Claim, a Person shall be deemed to have submitted to the jurisdiction of this Court solely with respect to the claim submitted and the subject matter of the Settlement and shall (subject to effectuation of the Settlement) release all Released Claims as against the Released Persons provided in the Stipulation.

16. Any Member of the Settlement Class who does not submit a Proof of Claim in the manner stated in this Order or whose Proof of Claim is not otherwise approved by the Court shall be deemed to have waived his, her or its right to share in the Net Settlement Fund and shall forever be barred from sharing in the Net Settlement Fund. In all other respects, however, any such

Member of the Settlement Class shall be subject to and bound by all of the terms of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitations, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class and will be barred from commencing, maintaining, or prosecuting any of the Released Claims against the Released Persons unless such Member of the Settlement Class has submitted a request to be excluded from the Settlement Class in the manner required by this Order. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶15 above.

17. Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such request shall mail the request to the Claims Administrator by First-Class Mail postmarked no later than October 6, 2017, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Settlement Class and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s) and number(s) of shares of World Acceptance common stock they purchased, acquired and sold during the Class Period. The request for exclusion shall not be effective unless it provides all the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court in a manner and with timing not inconsistent with the right of Defendants to terminate the Settlement pursuant to the Stipulation. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice. The Claims Administrator is authorized to request from any Person requesting exclusion documentation

sufficient to prove his, her, or its purchases, acquisitions and/or sales of World Acceptance common stock during the Class Period. Copies of all requests for exclusion shall be provided to Defendants' Counsel, as expeditiously as possible, but in no event later than ten (10) business days before the Settlement Hearing.

18. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class.

19. Any Settlement Class Member that does not request exclusion from the Settlement Class may file objections to the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses. Any such objections and any supporting papers shall be filed with the Court on or before October 6, 2017, and also delivered by hand or First-Class Mail to Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and B. Warren Pope, King & Spalding LLP, 1180 Peachtree Street, N.E., Atlanta, GA 30309, by that same date. Any such objection must: (a) clearly indicate the objector's name, mailing address, daytime telephone number and e-mail address; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or fee and litigation expense application in *Epstein v. World Acceptance Corporation, et al.*, No. 6:14-cv-01606-MGL; (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state the number of shares of World Acceptance common stock owned as of the beginning of trading on January 30, 2013 (the first day of the Class Period); (e) list the date(s), price(s) and number(s) of shares of World Acceptance common stock purchased, acquired and sold during the Class Period; and (f) provide written documentation (whether from the objector's bank, broker or otherwise) of such trading. In order to be considered, an objection also must be signed by the Settlement Class Member making the

objection. Attendance at the Settlement Hearing is not necessary. However, any persons wishing to be heard orally, either individually or through counsel of his, her, or its own choice, in opposition to the approval of the Settlement, the Plan of Allocation and/or the request by Lead Counsel for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Hearing and to include in their written objection the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval. Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20. Any Settlement Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Settlement Class Member who does not object to Lead Counsel's application for an award of attorneys' fees and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection and his, her, or its right to object to the Settlement, this Order, the Judgment, the Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and expenses, shall be deemed a Settlement Class Member and shall forever be barred and foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order, the Final Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and expenses, and from otherwise being heard concerning the Settlement, this Order, the Judgment, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and expenses in this or any other proceeding.

21. Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports

to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Released Person.

22. Any Settlement Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of his/her/its own choice. If he/she/it does not enter an appearance, he/she/it will be represented by Lead Counsel.

23. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

24. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Settlement Class Member or Lead Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Order, the Stipulation, the Plan of Allocation and/or further orders of the Court.

26. All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

27. If (a) the Settlement is terminated by Defendants pursuant to ¶8.3 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the terms of ¶¶8.6 and 8.7 of the Stipulation shall apply, and this Order certifying the Settlement Class and the class representative for purposes of the Settlement shall be null and void, of no further force or effect, without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to June 7, 2017.

28. Neither the Settlement, Term Sheet, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet, the Stipulation, and the Settlement, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Settlement Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentations, or omission with respect to any statement or written document approved

or made by any Defendant, or against Lead Plaintiff or any Member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class; (c) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; (d) shall be offered or construed as evidence that a class should or should not be certified in the Litigation if the Settlement is not consummated; or (e) shall be construed against Defendants, Lead Plaintiff, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided however, that if the Stipulation is approved by the Court, the Settling Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

29. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

DATED: August 29, 2017           s/Mary Geiger Lewis_____
THE HONORABLE MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE